UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

DAEMEON MICHAEL JIMERSON,

Defendant.

Case No.  5:12-cr-00725-EJD-1

**ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

Re: Dkt. No. 42

On September 9, 2013, Defendant pled guilty to one count of possession with intent to distribute, and distribution, of methamphetamine, in violation of 21 U.S.C. § 841(a)(1).  *See* Plea Agreement, Dkt. 21; Presentence Report ("PSR"), Dkt. 28.  In this plea, he accepted full responsibility for the offense.  *Id.* ¶ 17.  Defendant was an active member of the "Barrio Malos Locos" gang.  *Id.* ¶¶ 7, 9, 13–14.

This Court sentenced Defendant on February 24, 2014 to a term of 60 months imprisonment and five years of supervised release.  Judgment, Dkt. 37.  This Court also ordered Defendant to participate in substance abuse treatment and mental health treatment, to abstain from alcohol, and to avoid further gang association, all of which Defendant has done.  *Id.*; Response to Court's Request for Response to Offender's Early Termination Motion ("Probation Report").  On February 28, 2017, Defendant was released from custody and began supervised release.  Probation Report.

Defendant has completed 2 years and 9 months of his 5-year supervised release obligation.  He has reunited with his wife, daughter, and stepson, and "modeled good citizenship."  *Id.*; *see*

*also* Letter from Assistant Federal Public Defender Robert Carlin ("Carlin Letter") at 1. He coaches his stepson's Little League team and participates in school activities. *See* Motion for Early Termination ("Mot.") at 1, 3–4 (showing Volunteer Appreciation Certificate from son's school). He is employed by Caltrans, where he was recently promoted. Probation Report at 2; Mot. at 1. He has fully complied with the terms of supervised release and has not submitted any positive drug tests. *Id.* After completing his mental health assessment in July 2017, it was determined he should not be referred for any further services. *Id.* He has traveled outside the district with no negative reports. *Id.*

## I.    LEGAL STANDARD

Early termination of supervised release is governed by 18 U.S.C. § 3583(e), which requires the court to consider factors set forth in §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7); *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997) (noting that factors address issues like "deterrence, public safety, rehabilitation, proportionality, and consistency"). The factors include the "nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines." *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002). After considering those factors, the court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interests of justice." 18 U.S.C. § 3583(e)(1). A defendant's "exceptionally good behavior" may render a previously-imposed sentence inappropriate or too harsh, but "as the district courts of our circuit have repeatedly recognized, mere compliance is to be expected." *United States v. Emmett*, 746 F.3d 817, 823 n.2 (9th Cir. 2014).

The plain language of Section 3583(e) indicates that "district courts have broad discretion to alter the conditions of a defendant's supervised release." *United States v. Miller*, 205 F.3d 1098, 1100 (9th Cir. 2000); *accord Lussier*, 104 F.3d at 36 (noting decision whether to grant early

termination rests within discretion of district court).

## II. DISCUSSION

Here, Defendant argues that termination of supervised release is appropriate for two main reasons. First, he contends that he has not only complied with, but surpassed the terms of his supervised release by thriving in his current employment, his dedication to his family, and his volunteer work. Mot. at 1. Second, he believes early termination will help him "move forward" and "completely close [the gang-related lifestyle] chapter [of his] life." *Id.* The Court agrees; Defendant's progress is exceptional. *See* Carlin Letter at 2.

The Government opposes Defendant's request. The Government argues that mere compliance with release conditions, and a successful re-entry into society, are what is expected of a defendant on supervised release. Government's Opposition to Defendant's Motion ("Opp.") at 4; *see also Folks v. United States*, 733 F. Supp. 2d 649, 651 (W.D.N.C. 2010) ("[E]ven '[m]odel prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination.'" (quoting *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005) (second alteration in original)); *United States v. Grossi*, 2011 WL 704364 (N.D. Cal. Feb. 11, 2011) ("Mere compliance with the terms of supervised release is what is expected, and without more is insufficient to justify early termination."). The Probation Office also does not recommend early termination of supervised release for Defendant. Probation Report at 3.

After considering the statutory factors and the case law, this Court agrees with the Probation Report and the Government. While Plaintiff's efforts are commendable, he has not yet shown exceptional circumstances. *Cf. United States v. Bauer*, 2012 WL 1259251, at *2 (N.D. Cal. April 13, 2012) (holding exceptional circumstances not shown because mere "resumption of employment and engagement in family-life are expected milestones rather than a change of circumstances rendering continued supervision no longer appropriate"). Much like in *Bauer*, he has done what is expected of him from probation. His recognition that securing employment and

stability in family will keep him on a positive path is commendable, as are his outstanding work reviews and recent promotion, but do not yet show exceptional circumstances. *See* Mot. at 1, Attachment 1. The Court encourages Defendant to continue cultivating a career for himself, engaging in his community, and immersing himself in his family-life so that exceptional circumstances may be shown at a later date.

The Court understands Defendant's position: he is tired of having law enforcement/probation in his life and is ready to move on. But this is Defendant's first opportunity to seek release, he has only served half his probationary sentence—it is too early for this Court to ensure Defendant will not retreat into past conduct. This order, thus, should not be construed as punishing Defendant further or casting judgment on the status of his progress. To the contrary, the Court wants Defendant to continue to be successful and views probation as a mechanism to ensure this.

Accordingly, Defendant's motion is **DENIED.** Defendant is encouraged to petition the Court for relief in the future.

**IT IS SO ORDERED.**

Dated: October 24, 2019

EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California